UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCKET & FILE

-----------------------------------------------------------------x

HENRY L. HERRING,

                              Plaintiff,

                 -v-

MICHAEL ALOISE, Judge; RICHARD A. BROWN,
District Attorney,

                            Defendants.

**MEMORANDUM
AND ORDER
10-CV-6039 (KAM)**

-----------------------------------------------------------------x

MATSUMOTO, United States District Judge:

On December 22, 2010, plaintiff Henry Herring, currently incarcerated at Upstate

Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants

plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons

discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiff alleges that on November 17, 2009, Justice Michael Aloise of the Queens

County Supreme Court, Criminal Term improperly denied his motion pursuant to N.Y. Criminal

Procedure Law § 440.10 seeking to vacate plaintiff's robbery conviction. (*See* ECF No. 1,

Complaint ("Compl."), at 4-6; *see also* Nov. 17, 2009 Memorandum annexed to Complaint.)

Plaintiff seeks Judge Aloise's recusal. (Compl. at 6.)

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is

proceeding *pro se,* his submission should be held "to less stringent standards than formal

1

pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted);

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.

2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or employee of a governmental entity." 28

U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if

the complaint is "(1) frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

§ 1915A(b).

## DISCUSSION

Plaintiff's claims against Judge Michael Aloise are dismissed. Judges have absolute

immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S.

9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Bliven v. Hunt*, 579 F.3d 204,

209 (2d Cir. 2009). This absolute "judicial immunity is not overcome by allegations of bad faith

or malice," nor can a judge "be deprived of immunity because the action he took was in error . . .

or was in excess of his authority." *Mireles*, 502 U.S. at 11 (citations omitted). In addition, the

Federal Courts Improvement Act (FCIA), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996), §

309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission

taken in such officer's judicial capacity . . . unless a declaratory decree was violated or

declaratory relief was unavailable." *Id.* § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983);

*see also Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005). As the alleged wrongdoings of

Judge Aloise in this action were acts performed in his judicial capacity in connection with

2

plaintiff's state court criminal proceedings, plaintiff's claims against Judge Aloise are foreclosed by absolute immunity.

Moreover, although plaintiff names Queens District Attorney Richard Brown as a defendant in the caption of his complaint, he fails to state any claims against Richard Brown in the body of his complaint. In any case, prosecutors are entitled to absolute immunity from civil suits for claims based on their prosecutorial decisions to initiate and pursue criminal prosecutions. *Shmueli v. City of New York*, 424 F.3d. 231, 237 (2d Cir. 2005). Therefore, plaintiff's complaint against Richard Brown is likewise dismissed under 28 U.S.C. § 1915A.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on Petitioner, note service on the docket, enter judgment dismissing this case and close this case.

SO ORDERED.

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
February 14, 2011